[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Mark Anthony Miller, brings his appeal from the order journalized June 8, 2000, adjudicating him to be a sexual predator. His singular assignment of error is that the evidence adduced was insufficient to prove, clearly and convincingly, that he was likely to engage in the future in one or more sexually-oriented offenses. See R.C. 2950.01(E). The record, as a whole, convinces us otherwise.
On July 1, 1996, a jury found Miller to be guilty of felonious sexual penetration and gross sexual imposition as he stood charged in the second and third counts, respectively, of an indictment. The jury found him not guilty of the first count of rape. On July 18, 1996, the court, after having received the report of a presentence investigation, sentenced Miller to ten to twenty-five years on the second count, with ten years of actual confinement, concurrent with two years on the third count, and credit for time served.
Miller appealed, and this court affirmed the conviction in State v.Miller (Feb. 21, 1997), Hamilton App. No. C-960627, unreported. The record of Miller's trial was before us then and reappears in this appeal.
The victim named in the indictment was an eleven-year-old female. The evidence established, as we held in the first appeal, that all the elements of the offenses of which Miller had been found guilty had been proven beyond a reasonable doubt. In fact, when Miller testified in his own defense, he admitted climbing into the bed of the child, who, at that time, shared a home with Miller and other relatives, and "grinding" on her to the point of ejaculation. Subsequent tests at a hospital revealed semen on the child's pubic area. Miller also admitted that it was "possible" that he had penetrated the child's vaginal cavity digitally. The child testified that he had also penetrated her with his penis, but, obviously from the verdict, the jury elected to believe Miller's version of the facts.
On April 4, 2000, the trial court ordered that Miller be returned from prison for the sexual-predator hearing, which was held on June 8, 2000, and culminated in the order now on appeal. In addition to the transcript of the proceedings at trial, one that the judge stated he remembered clearly, the state adduced the report of the presentence investigation. Essentially, the report restated the evidence upon which the jury had found Miller guilty. For his part, Miller argued, through counsel other than his original counsel, that although he had other convictions, this was his "only sex crime;" that he had attended school, including a "sexual orientation class;" that he had obtained his "GED;" and that he was attending classes at Urbana University.
In enacting R.C. 2950.02(A)(2), the Ohio General Assembly endorsed the concept that "[s]exual predators * * * pose a high risk of engaging in future offenses," acknowledging "overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crime involves the exploitation of young children." See State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported; cf. Kansasv. Hendricks (1997), 521 U.S. 346, 117 S.Ct. 2072.
In Kansas v. Hendricks, the Supreme Court of the United States dealt with pedophilia as a manifestation of mental illness. The Supreme Court noted that the defendant had testified at trial that he could not control the urge to molest children, and that he had repeatedly abused children.Id. at 354-55, 117 S.Ct. at 2078. While Miller's conduct here, at least so far as the record discloses, was not as repeated as that inHendricks, it is clear that Miller succumbed to a compelling urge to climb into the bed of a sleeping child to gratify an overwhelming sexual desire, and to engage in reprehensible conduct for which he expressed remorse.
We hold that, in its totality, the evidence was sufficient to demonstrate, clearly and convincingly, that Miller is a sexual predator as defined in R.C. 2950.01(E). Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.